IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOWER INSURANCE COMPANY OF NEW YORK, Plaintiff, | § § § § | |
| v. | § | CIVIL ACTION NO. H-09-1713 |
| ZING LU, LLC, d/b/a America's Best Value Inn - Channel View Defendant. | § § § § | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on the Motion to Join Additional Defendants ("Motion") [Doc. # 15] filed by Defendant/Counter-Plaintiff Zing Lu, LLC ("Zing Lu"), to which Plaintiff/Counter-Defendant Tower Insurance Company of New York ("Tower") filed a Response [Doc. # 17]. Zing Lu neither filed a Reply nor requested additional time to do so. Having reviewed the full record and applied relevant legal authorities, the Court concludes that Joo Soon Yeo and Bass Underwriters, Inc. are not necessary parties who could be properly joined under Rule 19(a) of the Federal Rules of Civil Procedure. As a result, the Motion is **denied**.

Tower filed this declaratory judgment action regarding whether an insurance policy it issued to Zing Lu covers Zing Lu's claim for damages caused by Hurricane Ike. Zing Lu filed a counterclaim [Doc. # 7] against Tower. In the counterclaim, Zing

Lu alleged, *inter alia*, that Tower was negligent in handling Zing Lu's claim, breached the insurance contract, and violated the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code. Zing Lu now seeks to add Joo Soon Yeo, Zing Lu's insurance agent who sold it the insurance policy, and Bass Underwriters, Inc., the insurance broker. Zing Lu asserts that these are necessary parties who should be joined pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

Rule 19(a) "allows joinder of necessary parties unless that joinder would defeat diversity jurisdiction." *Cornhill Insurance PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997). An absent party is a necessary party if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a).

In this case, Zing Lu seeks to join its insurance agent and an insurance broker. These parties are not necessary to the declaratory judgment aspect of this case. *See Valsamis*, 106 F.3d at 83-84; *Employers Mut. Cas. Co. v. Bonilla*, 2007 WL 2809905, *6 (N.D. Tex. 2007). Similarly, Zing Lu can obtain complete relief on its claims against Tower in the absence of the insurance agent and the insurance broker. Any

causes of action Zing Lu may have against the two parties it seeks to join are separate and distinct from its claims based on conduct by Tower. Although Zing Lu may be required to pursue separate litigation against the agent and broker, the "threat of multiple litigation will not make a party indispensable." *Valsamis*, 106 F.3d at 84.

The Court can, if appropriate, grant complete relief as requested by Tower and Zing Lu in the absence of the insurance agent and insurance broker. As a result, the requirements for joinder under Rule 19(a) have not been satisfied, and it is hereby

**ORDERED** that Zing Lu's Motion to Join Additional Parties [Doc. # 17] is **DENIED**.

SIGNED at Houston, Texas, this **4th** day of **December, 2009**.

Nancy F. Atlas
United States District Judge